# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 4220 | **DATE** | 6/3/2003 |
| **CASE TITLE** | Eric Laramore vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendant's motion to dismiss in part pursuant to FRCP 12(b)(6) is granted. All allegations arising before 6/30/2001 will be disregarded. In addition, the purported Section 1981 claim is dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 30 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 03 JUN -4 AM 8:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIC LARAMORE, )
)
        Plaintiff, )
)
v. ) No. 02 C 4220
)
CITY OF CHICAGO, ) Wayne R. Andersen
) District Judge
        Defendant. )
)
)

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendant City of Chicago to dismiss in part the plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is granted.

### BACKGROUND

Plaintiff Eric Laramore is an African-American male who was employed by the City of Chicago, Illinois as a service writer for the Department of Fleet Management from May 21, 1990 through August 2, 2001. He was discharged from his employment with the City on August 2, 2001. On April 22, 2002, the plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging he was discriminated against based on his race and retaliated against for participating in a sexual harassment investigation in 2000. On April 30, 2002, Laramore was issued a dismissal and a Notice of Right To Sue letter from the EEOC.

On June 19, 2002, Laramore filed a complaint in this Court alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, in that he

1



was allegedly denied training based on race, disciplined more severely than other similarly situated employees, and discharged based on race, all beginning in or around January 2001. The plaintiff has also alleged that he is entitled to recover under 42 U.S.C. § 1981. He is seeking damages including back-pay, compensatory damages, and injunctive relief.

On August 14, 2002, the defendant filed a motion to dismiss the plaintiff's complaint raising a variety of legal arguments. On September 17, 2002, we orally granted the defendant's motion to dismiss certain untimely portions of Laramore's Title VII claims and we gave Laramore leave to amend his complaint to provide a more definitive statement as to his remaining claims, including his Section 1981 count. On January 14, 2003, the plaintiff filed his first amended complaint. The defendant has filed the instant motion to dismiss attacking the purported deficiencies of the amended complaint.

## DISCUSSION

In ruling on a motion to dismiss, the Court must normally accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

With respect to Counts I and II of Laramore's complaint, the defendant argues that any alleged acts of racial discrimination or retaliation occurring prior to June 30, 2001 are time

barred under Title VII because they occurred more than 300 days prior to the filing of his EEOC charges on April 26, 2002. In Illinois, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *See Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)). "The 300-day limit . . . begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows [he] has been injured, not when [he] determines that the injury was unlawful." *Id.* Thus, a claim based on events that occurred more than 300 days before the filing of the EEOC charge is time barred.

Laramore alleges that he filed his charges with the EEOC on April 26, 2002. According to the defendant's calculations (which we agree with), 300 days prior to April 26, 2002 is June 30, 2001. Accordingly, only events that allegedly occurred after June 30, 2001 can be considered as a basis for Laramore's claims of Title VII discrimination or retaliation. This ruling has little bearing on Count I (racial discrimination) because it is clear from the face of the complaint that Laramore is alleging only unlawful practices "[s]ince at least August 2, 2001 . . . ." (Complt. at ¶ 9.) This is clearly within the 300 day limit capped by June 30, 2001. However, our finding does affect Count II (retaliation) of the complaint. In that count, Laramore alleges that he agreed to testify in a sexual harassment investigation against the defendant in 2000. As a consequence of his testimony, Laramore alleges that "[b]eginning in or around January 2001" he was retaliated against by his supervisors in the Department of Fleet Management. Because the time period from January 1, 2001 through June 30, 2001 falls outside the 300 day limit, any allegedly discriminatory activity which took place during this time cannot be considered. Laramore should not be too concerned by this conclusion, however, because he can still use any allegedly

3

retaliatory action which occurred after June 30, 2001 to support Count II of his complaint.

The second portion of the defendant's motion to dismiss attacks the line in the complaint which states that Laramore is seeking "injunctive and other relief" for alleged violations of 42 U.S.C. § 1981. (Complt. at ¶ 1.) We should note that nowhere, other than paragraph one, does Laramore describe how or why he should be entitled to any relief under Section 1981. Additionally, his response to the motion to dismiss does not raise any valid arguments in support of a Section 1981 claim. This suggests to us that Laramore has abandoned any potential Section 1981 action. Nevertheless, we will quickly address the merits of the defendant's motion.

To state a municipal policy claim under Section 1981, plaintiff is required to present a *prima facie* case of racial discrimination, alleging: 1) an express policy that, when enforced, causes a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or 3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000); *Robins v. City of Chicago*, 2002 WL 276133, at *2 (N.D Ill. Feb. 27, 2002). In this case, the complaint is devoid of any conclusions or facts sufficient to state a claim under Section 1981. There is no suggestion in the language of the complaint that the City or any policymaker engaged in any type of unconstitutional policy, custom or practice. Although *pro se* complaints are to be construed liberally, if the *pro se* plaintiff "leave[s] out operative fact[s] which form the basis of his claim," the claim can be dismissed. *McCormick*, 230 F.3d at 325. Laramore has not only failed to allege any facts in support of his policy claims against the City, but he also has failed to even state general boilerplate conclusory allegations of an

unconstitutional policy forming the basis for his claims. Accordingly, because the complaint fails to put the defendant on notice of the nature of the Section 1981 claim against it, the claim is dismissed. *See Robins*, 2002 WL 276133, at *3.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss in part pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. All allegations arising before June 30, 2001 will be disregarded. In addition, the purported Section 1981 claim is dismissed.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 3, 2003